424 F.2d 471
 LOUIS MEYERS & SON, INC., Meyers Make, Inc. and Textile
Banking Co., Inc., Plaintiffs-Appellees-Appellants,
v.
AFFILIATED F M INSURANCE CO., Defendant-Appellant, and
Lumbermens Mutual Casualty Co., Defendant-Appellee.
 No. 654, Docket 32525.
 United States Court of Appeals, Second Circuit.
 Argued March 26, 1970.
Decided April 14, 1970.
 
 Bert Cotton, New York City (Rein, Mound & Cotton, New York City), for defendant-appellant.
 H. Theodore Subkow, White Plains, N.Y. (Bernard T. Silverman, Yonkers, N.Y., of counsel), for plaintiffs-appellees-appellants.
 Joseph T. Keller, New York City, for defendant-appellee.
 Before LUMBARD, Chief Judge, HAYS, Circuit Judge, and BLUMENFELD,[1] District Judge.
 PER CURIAM.
 
 
 1
 The plaintiffs in this diversity action sued the defendants Affiliated F M Insurance Co. and Lumbermens Mutual Casualty Co. under separately issued insurance policies to recover for losses to their property resulting from the accidental discharge of water from the sprinkler system on the insureds' premises. These policies each contained clauses which required in substance that if other insurance applied to the same loss each company would pay half. The relative obligations of the parties were so disposed of by stipulation among themselves that the only question to be resolved by the District Court was whether Lumbermens was justified in its refusal to pay. The United States District Court for the Southern District of New York, Richard H. Levet, J., after a non-jury trial rendered judgment in its favor. We affirm.
 
 
 2
 Lumbermens' liability depends on whether water damage to the property of the insured plaintiffs resulted from an 'accident' as defined in the Boiler and Machinery insurance policy issued by it. Judge Levet found that the damage resulted directly from water flowing from the sprinkler heads, a risk specifically insured against by the defendant Affiliated F M, and only indirectly from a leakage of steam from steam pipes. More importantly, and decisively on the issue of Lumbermens' liability, he found that the leakage of steam resulted from (a) deterioration of materials due to corrosion; (b) wear and tear; and (c) leakage at a fitting or connection joint, three elements which might ordinarily be included in the concept of an accident, but which by the terms of Lumbermens' insurance policy were expressly excepted from its definition of accident. Furthermore, by expressly basing this finding on 'a fair preponderance of the credible evidence' the able district judge anticipated the plaintiffs' contention, advanced apparently for the first time in the argument before this court, that by so delimiting the definition of 'accident' in its policy, Lumbermens had, in effect, designed exclusions from coverage on which it should have borne the burden of proof.
 
 
 3
 There was ample support for that finding in the record, and the judgment below is accordingly affirmed. Fed.R.Civ.P. 52(a).
 
 
 
 [1]
 Of the District of Connecticut, sitting by designation